UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 09-CV-60197-DIMITROULEAS/ROSENBAUM

STEVEN GRINGAUZ, and SUSAN
GRINGAUZ, individually and on behalf of
their minor children, JORDAN GRINGAUZ,
SCOTT GRINGAUZ AND STACEY L.
GRINGAUZ,

    Plaintiffs,

v.

THE SHERWIN-WILLIAMS COMPANY,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, , individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, (jointly "Plaintiffs") sue Defendant, THE SHERWIN-WILLIAMS COMPANY, "(Sherwin-Williams"), and state as follows:

### JURISDICTION AND THE PARTIES

1.    This is an action for damages in excess of $15,000, exclusive of attorney's fees and costs.

2. STEVEN GRINGAUZ, and SUSAN GRINGAUZ are Florida residents and own real property located at 8085 NW 111 Terrace, Parkland FL 33076, (the "Property") and are *sui juris*.

3. JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, are minor children of STEVEN GRINGAUZ and SUSAN GRINGAUZ.

4. THE SHERWIN-WILLIAMS COMPANY is a for-profit corporation and is authorized and conducts business in the State of Florida; Sherwin-Williams maintains its principal place of business at 101 Prospect Avenue, N.W., Cleveland Ohio 44115.

5. Venue is proper in Broward County, Florida because the events giving rise to these causes of action occurred in Broward County, Florida.

6. On or about September 27, 2006, Plaintiffs purchased a home located at 8085 NW 111 TER PARKLAND FL 33076, (the "Property").

7. Shortly after moving in, Plaintiffs contacted representatives of the developer to obtain additional white interior trim to paint the baseboards and door moldings at the Property, which had been changed out as a result of some interior upgrades.

8. During these conversations, the developer indicated that the paint had been obtained from Sherwin-Williams and referred Plaintiffs to Sherwin-Williams so that they could purchase the same paint.

9. Plaintiffs called the local Sherwin-Williams paint store to purchase this interior paint; however, Sherwin-Williams advised them that the paint purchased and used by the Developer was an exterior paint and should not have been used to the interior of their residence.

10. Plaintiffs quickly brought this fact to the attention of the developer who advised them that the Sherwin-Williams store was in error and to contact the Hollywood branch.

11. Plaintiffs contacted the Sherwin-Williams store in Hollywood, who then made the same representations as the Coral Springs Sherwin-Williams store.

12. Furthermore, the Hollywood Sherwin-Williams informed Plaintiffs that the paint they had requested was exterior paint and should not be used in the interior of their residence because such paints contain "mildewcides … that will exhibit lingering odors."

13. The exterior paint contains chemicals known to cause cancer and birth defects or other reproductive harm. Additionally, the chemicals are the proximate cause of headaches, eye irritation, nausea, dizziness and fatigue and, if exposed for long periods of time, can result in damage to the central nervous system, liver and kidneys. Finally, vapors from this paint have been found to cause a higher risk for pregnant women, young children and people with respiratory ailments.

14. Such conditions are similar to the symptoms which the Plaintiffs were experiencing right after the move into their Property. Furthermore, the existence of such chemicals in the exterior paint used to the interior of the Property, both the first and the second floors, is the direct and proximate cause of the respiratory difficulties Plaintiffs and their children are experiencing, the exacerbated asthma, and other medical conditions which had not been previously seen or had subsided.

15. Plaintiffs timely notified Sherwin-Williams of the findings and the defective condition of the paint.

16. All conditions precedent prior to the commencement of this lawsuit have either been performed or waived.

## COUNT I
## Failure To Warn

17. Plaintiffs reaver and reallege Paragraphs 1 through 16 as if fully alleged herein.

18. On or about September 27, 2006, Plaintiffs purchased a home located at 8085 NW 111 TER PARKLAND FL 33076, (the "Property").

19. Sherwin-Williams had provided and/or sold exterior paint to the developer, which same has been used to paint the interior of the Property.

20. Sherwin-Williams knew or should have known that the application of the exterior paint in the interior of residences, including the Property, is dangerous and a health hazard. Furthermore, Sherwin-Williams knew or should have known of the risks and dangerous propensities associated with the application of the exterior paint to the interior of residences, including the Property.

21. Sherwin-Williams failed to exercise reasonable care to inform Plaintiffs of such dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residence, including the Property.

22. As a direct and proximate result of Sherwin-Williams' breach of its duty to inform Plaintiffs of the dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residence, including the Property, Plaintiffs' have suffered damages, including but not limited to, personal and real property damage, bodily injury, and resulting pain and suffering, mental anguish, loss of capacity

for the enjoyment of life, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

23. Although Sherwin-Williams knew or should have known of the dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residence, including the Property, it did not and could have any reason to believe that Plaintiffs would know of such dangerous propensities or that the exterior paint would be applied to the interior of the Property.

WHEREFORE, Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, respectfully request that this Court issue a judgment for damages in favor of Plaintiffs against Defendant THE SHERWIN-WILLIAMS COMPANY, court costs, and any award any such further relief as this Court deems just and proper.

## COUNT II
### Strict Liability

24. Plaintiffs reaver and reallege Paragraphs 1 through 16 as if fully alleged herein.

25. On or about September 27, 2006, Plaintiffs purchased a home located at 8085 NW 111 TER PARKLAND FL 33076, (the "Property").

26. Sherwin-Williams is a well-known manufacturer of a great number of products, including coatings for plastic, metal, and wood and has been a servicer and seller of such products to the construction industry.

27. Furthermore, Sherwin-Williams is a major distributor of paints, which are ultimately used either in the exterior or the interior of residences throughout the State of Florida, including the Property.

28. These paints are put in the stream of commerce with the knowledge and expectation that the end users will not further inspect the products.

29. Additionally, the exterior paints that Sherwin-Williams manufactures and/or distributes and sells to the consumers are unreasonably dangerous and possess great health hazards unless used in the way specified. The application of exterior paint in the interior of a residence is inherently dangerous.

30. Sherwin-Williams failed to exercise reasonable care to inform Plaintiffs of such dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residence, including the Property.

31. The application of the exterior paint to the interior of the Property has caused bodily injury to Plaintiffs.

32. As a direct and proximate result of Sherwin-Williams' breach of its duty to inform Plaintiffs of the dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residence, including the Property, Plaintiffs' have suffered damages, including but not limited to, personal and real property damage, bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, respectfully request that this Court issue a judgment for damages in favor of Plaintiffs against Defendant THE SHERWIN-WILLIAMS COMPANY, court costs, and any award any such further relief as this Court deems just and proper.

### Count III
### VIOLATION OF Sections 501.201 et seq.
### (FDUPTA)

33.     Plaintiffs reaver and reallege Paragraphs 1 through 16 as if fully alleged herein.

34.     On or about September 27, 2006, Plaintiffs purchased a home located at 8085 NW 111 TER PARKLAND FL 33076, (the "Property").

35.     Shortly after moving in, Plaintiffs contacted representatives of the developer to obtain additional white interior trim to paint the baseboards and door moldings at the Property, which had been changed out as a result of some interior upgrades.

36.     During these conversations, the developer indicated that the paint had been obtained from Sherwin-Williams and referred Plaintiffs to Sherwin-Williams so that they could purchase the same paint.

37.     Plaintiffs called the local Sherwin-Williams paint store to purchase this interior paint; however, Sherwin-Williams advised them that the paint purchased and used by the Developer was an exterior paint and should not have been used to the interior of their residence.

38. The exterior paint contains chemicals known to cause cancer and birth defects or other reproductive harm. Additionally, the chemicals are the proximate cause of headaches, eye irritation, nausea, dizziness and fatigue and, if exposed for long periods of time, can result in damage to the central nervous system, liver and kidneys. Finally, vapors from this paint have been found to cause a higher risk for pregnant women, young children and people with respiratory ailments.

39. Such conditions are similar to the symptoms which the Plaintiffs were experiencing right after the move into their Property. Furthermore, the existence of such chemicals in the exterior paint used to the interior of the Property, both the first and the second floors, is the direct and proximate cause of the respiratory difficulties Plaintiffs and their children are experiencing, the exacerbated asthma, and other medical conditions which had not been previously seen or had subsided.

40. Sherwin-Williams failed to exercise reasonable care to inform Plaintiffs of such dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residence, including the Property.

41. Plaintiffs are consumers as that term is defined by Florida Statutes §501.203(7).

42. Sherwin-Williams engaged, in "trade or commerce" as the term is defined by Florida Statutes §501.203(8) because it advertised, solicited, provided, offered and distributed paint for sale or anything of value.

43. Sherwin-Williams' practice of advertising, soliciting, providing, offering, and distributing exterior paint without the proper disclosures or warnings constitutes an unfair

method of competition, a deceptive act and an unconscionable act or practice, and/or an unfair trade practice within the meaning of the Florida Statute §501.204.

44. Sherwin-Williams's conduct was injured Plaintiffs and is also a blatant disregard to the public health and interest.

45. As a direct and proximate result of Developer's unconscionable, illegal, unfair and deceptive acts and practices, Plaintiffs have suffered actual damages, including but not limited to, loss of value to personal and real property.

46. Plaintiffs are entitled to recover their reasonable attorney's fees pursuant to Section 501.2105, Fla. Stat.

WHEREFORE, Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, respectfully request that this Court issue a judgment for damages in favor of Plaintiffs and against Defendant THE SHERWIN-WILLIAMS COMPANY, including attorney's fees, court costs, and any award any such further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs request trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 19 day of May 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Kenneth L. Bednar, Esq.
Fla Bar No. 557986
Fowler White Boggs, P.A.,
1200 E. Las Olas Blvd., Suite 400
Fort Lauderdale, FL 33301

Attorneys for Sherwin-Williams

                                                      By:  s/Guy M. Shir
                                                      Guy M. Shir, Esq.
                                                      Fla. Bar No. 114863
                                                      Patrick Dervishi, Esq.
                                                      Fla. Bar No. 832561
                                                      pdervishi@kahanshir.com