UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 09-CV-60197-DIMITROULEAS/ROSENBAUM

STEVEN GRINGAUZ, and SUSAN
GRINGAUZ, individually and on behalf of
their minor children, JORDAN GRINGAUZ,
SCOTT GRINGAUZ AND STACEY L.
GRINGAUZ, and on behalf of others similarly
situated,

    Plaintiffs,

v.

THE SHERWIN-WILLIAMS COMPANY,

    Defendant.
_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, (jointly "Plaintiffs"), and on behalf of others similarly situated, who have had the interior of their residential homes painted with exterior paint containing agents and chemicals dangerous and hazardous to health and property, and which said paint was manufactured, marketed, distributed, delivered, supplied, and/or sold by Defendant, THE SHERWIN-WILLIAMS COMPANY, ("Sherwin-Williams"), allege as follows:

*Gringauz v. Sherwin-Williams*
*Second Amended Class Action Complaint*
2

# INTRODUCTION

1.	Pursuant to Fed.R.Civ.P. 23, Plaintiffs bring this class action on behalf of themselves and others similarly situated owners of residential homes in the State of Florida and nationwide, which same were built and/or developed by WCI, and which said residential homes contain defective, dangerous and hazardous exterior paint applied in the interior of the residential homes. The exterior paint was manufactured, marketed, distributed, supplied, delivered, inspected, and/or sold by Sherwin-Williams.

2.	The exterior paint contained agents and chemicals that inhibit growth of mildew on the surface of the coating film and hazardous chemicals. Such agents and chemicals produce lingering odors and are known to cause bodily injury, medical infirmities, and property damage.

3.	As a result of the application of the exterior paint in the interior of the residential homes, Plaitiffs and other similarly situated have suffered economic losses such as property damage and bodily injury.

## Jurisdiction and the Parties

4.	This Court has jurisdiction pursuant to 28 U.S.C. 1332(d)(2) and the Class Action Fairness Act. Plaintiffs and Defendant are citizens of different states and the amount in the controversy exceed five million dollars ($5,000,000.00), exclusive of interest and costs.

5.	Venue in this district satisfies the requirements of 28 U.S.C. §1391(b)(102) because a substantial amount of the events and occurrences giving rise to the claims occurred in this District or a substantial part of the property that is the subject of this action is situated in this District.

6. STEVEN GRINGAUZ, and SUSAN GRINGAUZ are Florida residents and own real property located at 8085 NW 111 Terrace, Parkland, FL 33076, (the "Property") and are *sui juris*.

7. JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, are minor children of STEVEN GRINGAUZ and SUSAN GRINGAUZ.

8. THE SHERWIN-WILLIAMS COMPANY is a for-profit corporation and is authorized and conducts business in the State of Florida; Sherwin-Williams maintains its principal place of business at 101 Prospect Avenue, N.W., Cleveland, Ohio 44115.

General Allegations

9. On or about September 27, 2006, Plaintiffs purchased the Property.

10. Shortly after moving in, Plaintiffs contacted representatives of the developer to obtain additional white interior trim to paint the baseboards and door moldings at the Property, which had been changed out as a result of some interior upgrades.

11. During these conversations, the developer indicated that the paint had been obtained from Sherwin-Williams and referred Plaintiffs to Sherwin-Williams so that they could purchase the same paint.

12. Plaintiffs called the local Sherwin-Williams paint store to purchase this interior paint; however, Sherwin-Williams advised them that the paint purchased and used by the Developer was an exterior paint and should not have been used to the interior of their residence.

13. Plaintiffs quickly brought this fact to the attention of the developer who advised them that the Sherwin-Williams store was in error and to contact the Hollywood branch.

14. Plaintiffs contacted the Sherwin-Williams store in Hollywood, who then made the same representations as the Coral Springs Sherwin-Williams store.

15. Furthermore, the Hollywood Sherwin-Williams informed Plaintiffs that the paint they had requested was exterior paint and should not be used in the interior of their residence because such paints contain "mildewcides … that will exhibit lingering odors."

16. The exterior paint contains chemicals known to cause cancer and birth defects or other reproductive harm. Additionally, the chemicals are the proximate cause of headaches, eye irritation, nausea, dizziness and fatigue and, if exposed for long periods of time, can result in damage to the central nervous system, liver and kidneys. Finally, vapors from this paint have been found to cause a higher risk for pregnant women, young children and people with respiratory ailments.

17. Such conditions are similar to the symptoms which the Plaintiffs were experiencing right after they moved into their Property. Furthermore, the existence of such chemicals in the exterior paint used to the interior of the Property, both the first and the second floors, is the direct and proximate cause of the respiratory difficulties Plaintiffs and their children are experiencing, the exacerbated asthma, and other medical conditions which had not been previously seen or had subsided.

18. Sherwin-Williams negligently and tortuously manufactured, marketed, distributed, delivered, supplied, inspected, and/or sold the exterior paint, which was unreasonably dangerous for use in the interior of residential homes in that it contained agents and

chemicals known to cause damage to the property and also allergic reactions, coughing, infection, eye irritation, breathing difficulties and other health concerns.

19.   As a direct and proximate result of Sherwin-Williams' actions and omissions, Plaintiffs' and the class members' residential homes and bodies have been exposed to the harmful effects of the dangerous and hazardous effect of the agents and chemicals contained within the exterior paint.

20.   Additionally, as a direct and proximate result of Sherwin-Williams' actions and omissions, Plaintiffs and the class members have suffered and will continue to suffer damages, including but not limited to, costs of inspection as well as expenses necessary to remedy, replace, and remove the defective and dangerous paint and to repair all foreseeable and consequential damage to the interior of their residential homes.

21.   Finally, as a direct and proximate result of Sherwin-Williams' actions and omissions, Plaintiffs and the class members have suffered and will continue to suffer bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and aggravation of a previously existing conditions.

22.   Plaintiffs timely notified Sherwin-Williams of the findings and the defective condition of the exterior paint as applied to the interior of the residential homes.

23.   All conditions precedent prior to the commencement of this lawsuit have either been performed or waived.

*Gringauz v. Sherwin-Williams*
*Second Amended Class Action Complaint*
6

Class Action Allegations

24. Plaintiffs bring this suit as a class action pursuant to Rule 23, Fed.R.Civ.P., on behalf of themselves and others similarly situated (collectively referred as the "Class"), which is comprised of:

**SIZE AND DEFINITION OF THE CLASS**

25. Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated through classes defined as:

> All owners and residents of residential homes in the State of Florida or elsewhere nationwide, which residential homes were built and/or developed by WCI, and which contain exterior paint manufactured, distributed, marketed, inspected, and/or sold by Sherwin-Williams on the interior of the residential homes. Said owners and residents have suffered property damage and bodily injury resulting from the negligent application of the exterior paint into the interior of the residential homes. The Class consists of hundreds, and possibly thousands of persons (the exact number being unknown and unascertainable) and is therefore so numerous that joinder of all members is impracticable.

**COMMONALITY**

26. There are questions of law and fact common to the Class because each and every class member is or will be asserting identical claims against Sherwin-Williams. Common questions arise in every such claim including:

   i. whether Sherwin-Williams manufactured the exterior paint, which was negligently applied to the interior of the residential homes;

   ii. whether using the exterior paint indoors met industry standards;

   iii. whether the application of the exterior paint in doors caused injury;

    iv.  whether Sherwin-Williams failed to properly advise Plaintiffs and the Class of the harmful effects of the exterior paint when applied on the interior of their residential homes;

    v.  the extent of such injury and the adverse effects of Sherwin-Williams wrongful conduct in failing to warn Plaintiffs and the Class on the proper application of the exterior paint indoors;

    vi.  the appropriate remedy for the injuries suffered by Plaintiff and the Class as a result of Sherwin-Williams' wrongful conduct;

    vii.  Whether Sherwin-Williams has violated Sections 501.201 et seq., Fla.Stat.

## **TYPICALITY**

27.    The claims of Plaintiffs, who are representatives of the Class herein, are typical of the claims of the Class; they claim to have suffered physical ailments and damages resulting from the Sherwin-Williams' improper use of an exterior paint indoors.

28.    Accordingly, the claims and legal remedies of the Plaintiffs are typical of the Class because each member of the Class brings the same cause of action for failure to warn, strict liability, and staturory violation of Sections 501.201 et seq., Fla.Stat. and each Class member was damaged in the same manner and by the same product which was distributed, marketed, and/or sold by Sherwin-Williams.

## **ADEQUACY OF REPRESENTATION**

29.    Plaintiffs are able to, and will fairly and adequately protect the interests of each member of the Class.

30.    Plaintiffs have retained the undersigned counsel.  The undersigned counsel is competent counsel experienced in commercial litigation.  Counsel will fairly and adequately

protect the interests of the Plaintiffs and other Class members. Additionally, the undersigned counsel has the financial and legal resources to meet these substantial costs and legal issues associated with this type of litigation.

31.   Plaintiffs understand the nature of this lawsuit and are willing to take on the burden and responsibilities of the representative party.

32.   Plaintiffs do not have any interest which is antagonistic to, or in conflict with, members of the Class. Plaintiffs and the Class members have the identical interest of recovering damages which resulted from the Defendant's conduct.

## RULE 23 REQUIREMENTS

33.   This class action is appropriately brought under Rule 23, Fed.R.Civ.P. because:

   i. The various claims asserted in this action are certifiable under the provisions of Rule 23(b)(1) because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

   ii. The claims asserted in this case are certifiable under Rule 23(b)(2), Fed.R.Civ.P. Sherwin-Williams has acted or refused to act on grounds that apply generally to the class.

   iii. The common questions set forth above predominate over Class members' individual issues as required by Rule 23(b)(3), Fed.R.Civ.P.

*Gringauz v. Sherwin-Williams*
*Second Amended Class Action Complaint*
9

## COUNT I
### Failure To Warn

34. Plaintiffs reaver and reallege Paragraphs 1 through 33 as if fully alleged herein.

35. Sherwin-Williams has manufactured, marketed, distributed, delivered, supplied, and/or sold exterior paint which was ultimately used and applied to the the interior of residential homes.

36. Sherwin-Williams knew or should have known that the application of the exterior paint in the interior of residential homes and is dangerous and a health hazard. Furthermore, Sherwin-Williams knew or should have known of the risks and dangerous propensities associated with the application of the exterior paint to the interior of residential homes.

37. Sherwin-Williams failed to exercise reasonable care to inform Plaintiffs and Class Members of such dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residential homes.

38. As a direct and proximate result of Sherwin-Williams' breach of its duty to inform Plaintiffs and Class Members of the dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residential homes, Plaintiffs and Class Members have suffered damages, including but not limited to, personal and real property damage, bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiffs and Class Members will suffer the losses in the future.

39. Although Sherwin-Williams knew or should have known of the dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residential homes, it did not and could have any reason to believe that Plaintiffs and Class Members would know of such dangerous propensities or that the exterior paint would be applied to the interior of their residential homes.

WHEREFORE, Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, and on behalf of all other similarly situated respectfully request that this Court issue a judgment for damages in favor of Plaintiffs and Class Members, and against Defendant, including interest and costs, that this Court certify the Class pursuant to Rule 23, Fed.R.Civ.P., that this Court appoint Kahan, Shir, PL as Class counsel, that this Court award attorney's fees to Class counsel based upon the benefits received by the Class, and award any such further relief as this Court deems just and proper.

## COUNT II
## Strict Liability

40. Plaintiffs and Class Members reaver and reallege Paragraphs 1 through 33 as if fully alleged herein.

41. Sherwin-Williams is a well-known manufacturer of a great number of products, including coatings for plastic, metal, and wood and has been a servicer and seller of such products to the construction industry.

42. Furthermore, Sherwin-Williams is a major distributor of paints, which are ultimately used either in the exterior or the interior of residential homes throughout the State of Florida and nationwide.

43. These paints are put in the stream of commerce with the knowledge and expectation that the end users will not further inspect the products.

44. Additionally, the exterior paints that Sherwin-Williams manufactures and/or distributes and sells to the consumers are unreasonably dangerous and possess great health hazards unless used in the way specified. The application of exterior paint in the interior of residential homes is inherently dangerous.

45. Sherwin-Williams failed to exercise reasonable care to inform Plaintiffs and Class Members of such dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of their residential homes,

46. The application of the exterior paint to the interior of their residential homes has caused property damage and bodily injury to Plaintiffs and Class Members

47. As a direct and proximate result of Sherwin-Williams' breach of its duty to inform Plaintiffs and Class Members of the dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of the residential homes, Plaintiffs and Class Members have suffered damages, including but not limited to, personal and real property damage, bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and aggravation of a

previously existing condition. The losses are either permanent or continuing and Plaintiffs and Class Members will suffer the losses in the future.

WHEREFORE, Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, and on behalf of all other similarly situated respectfully request that this Court issue a judgment for damages in favor of Plaintiffs and Class Members, and against Defendant, including interest and costs, that this Court certify the Class pursuant to Rule 23, Fed.R.Civ.P., that this Court appoint Kahan, Shir, PL as Class counsel, that this Court award attorney's fees to Class counsel based upon the benefits received by the Class, and award any such further relief as this Court deems just and proper.

## Count III
## VIOLATION OF Sections 501.201 et seq.
## (FDUPTA)

48. Plaintiffs reaver and reallege Paragraphs 1 through 33 as if fully alleged herein.

49. Sherwin-Williams has distributed, marketed, delivered, supplied, and/or sold exterior paint which was ultimately used and applied to the interior of residential homes.

50. The exterior paint contains chemicals known to cause cancer and birth defects or other reproductive harm.  Additionally, the chemicals are the proximate cause of headaches, eye irritation, nausea, dizziness and fatigue and, if exposed for long periods of time, can result in damage to the central nervous system, liver and kidneys.  Finally, vapors from this paint have been found to cause a higher risk for pregnant women, young children and people with respiratory ailments.

51. Such conditions are similar to the symptoms which the Plaintiffs and Class Members have experienced. Furthermore, the existence of such agents chemicals in the exterior paint used to the interior of the residential homes is the direct and proximate cause of the respiratory difficulties and other medical conditions which Plaintiffs and Class Members have experienced.

52. Sherwin-Williams failed to exercise reasonable care to inform Plaintiffs and Class Members of such dangerous and hazardous conditions and/or the risks and dangerous propensities of an exterior paint when applied to the interior of their residential homes.

53. Plaintiffs and Class Members are consumers as that term is defined by Florida Statutes §501.203(7).

54. Sherwin-Williams engaged, in "trade or commerce" as the term is defined by Florida Statutes §501.203(8) because it advertised, solicited, provided, offered and distributed paint for sale or anything of value.

55. Sherwin-Williams' practice of advertising, soliciting, providing, offering, and distributing exterior paint without the proper disclosures or warnings constitutes an unfair method of competition, a deceptive act and an unconscionable act or practice, and/or an unfair trade practice within the meaning of the Florida Statute §501.204.

56. Sherwin-Williams' conduct injured Plaintiffs and Class Members and constitutes a blatant disregard to the public health and interest.

57.     As a direct and proximate result of Sherwin-Williams' unconscionable, illegal, unfair and deceptive acts and practices, Plaintiffs and Class Members have suffered actual damages, including but not limited to, loss of value to personal and real property.

58.     Plaintiffs and Class Members are entitled to recover their reasonable attorney's fees pursuant to Section 501.2105, Fla. Stat.

WHEREFORE, Plaintiffs, STEVEN GRINGAUZ, and SUSAN GRINGAUZ, individually and on behalf of their minor children, JORDAN GRINGAUZ, SCOTT GRINGAUZ, and STACEY L. GRINGAUZ, and on behalf of all other similarly situated respectfully request that this Court issue a judgment for damages in favor of Plaintiffs and Class Members, and against Defendant, THE SHERWIN-WILLIAMS COMPANY, including attorney's fees, court costs, that this Court certify the Class pursuant to Rule 23, Fed.R.Civ.P., that this Court appoint Kahan, Shir, PL as Class counsel, that this Court award attorney's fees to Class counsel based upon the benefits received by the Class, and award any such further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs request trial by jury on all issues so triable.

*Gringauz v. Sherwin-Williams*
*Second Amended Class Action Complaint*
*15*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the   25th   day of November 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

**Julie Simone Sneed**
Fowler White Boggs Banker
501 E Kennedy Boulevard
Suite 1700 PO Box 1438
Tampa, FL 33602
813-228-7411
Fax: 813-229-8313
Email: jsneed@fowlerwhite.com

**Kenneth Lewis Bednar**
Hinshaw & Culbertson
1 E Broward Boulevard
Suite 1010
Fort Lauderdale, FL 33301
954-467-7900
Fax: 467-1024
Email: kbednar@hinshawlaw.com

**Christopher D. Stofko**
Dickie McCamey & Chilcote
2 PPG Place
Suite 400
Pittsburgh, PA 15222
412-281-7272
Email: cstofko@dmclaw.com

**James R. Miller**
Dickie McCamey & Chilcote
2 PPG Place
Suite 400
Pittsburgh, PA 15222
412-281-7272
Email: jmiller@dmclaw.com

**KAHAN, SHIR, P.L.**
1800 N.W. Corporate Blvd., Suite 200
Boca Raton, Florida 33431-7336
Phone: (561) 999-5999
Fax: (561) 893-0999

By:  s/Patrick Dervishi
Guy M. Shir, Esq.,
Fla. Bar No. 114863
gshir@kahanshir.com
Patrick Dervishi, Esq.
Fla. Bar No. 832561
pdervishi@kahanshir.com