UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60197-CIV-DIMITROULEAS

STEVEN GRINGAUZ AND SUSAN GRINGAUZ,
individually and on behalf of their minor children,
JORDAN GRINGAUZ, SCOTT GRINGAUZ,
AND STACEY L. GRINGAUZ,

                                                                                                               Magistrate Snow

      Plaintiffs,

vs.

THE SHERWIN-WILLIAMS COMPANY,

      Defendant.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendant The Sherwin-Williams Company's Motion for Summary Judgment [DE-47] and Memorandum of Law in Support of Motion for Summary Judgment [DE-48], filed herein on May 7, 2010.  The Court has carefully considered the Motion, Plaintiffs' Opposition [DE-69], Defendant's Reply [DE-72], the supporting documentation, and is otherwise fully advised in the premises.

**I.  BACKGROUND**

Plaintiffs filed the above-styled action on February 2, 2009 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  Defendant Sherwin-Williams filed a Notice of Removal on February 9, 2009 based on diversity of citizenship under 28 U.S.C. § 1332.  On May 19, 2009, Plaintiffs filed an Amended Complaint [DE-19].  Thereafter, on November 16, 2009, Plaintiffs were granted leave to file an amended class action complaint [DE-

34]. As such, on November 25, 2009, Plaintiffs filed their Second Amended Class Action Complaint ("Complaint").

Plaintiffs are a family residing in Parkland, Florida. Defendant is an Ohio corporation, with its principal place of business in Cleveland, Ohio. Plaintiffs purport to bring their claims on behalf of all others similarly situated who have had the interior of their residential homes, which were built or developed by WCI, painted with exterior paint containing agents and chemicals dangerous to health and property, and which said paint was manufactured, marketed, distributed, delivered, supplied, and/or sold by Defendant. Plaintiffs filed their Motion for Class Certification [DE-73] on July 20, 2010, which was not fully-briefed as of the date of this Order.

Plaintiffs' Complaint indicates that they purchased a home in September 2006 and shortly after moving in they contacted Defendant to obtain additional paint to touch up areas in the home. A representative at a local Sherwin-Williams store informed Plaintiffs that the paint was exterior paint and that the developer of their home should not have used the paint indoors. Plaintiffs allege that the exterior paint contained agents and chemicals that inhibit growth of mildew on the surface of the coating film and hazardous chemicals. Plaintiffs further allege that such agents and chemicals produce lingering odors and are known to cause bodily injury, medical infirmities, and property damage. As a result of the application of the exterior paint in the interior of the residential homes, Plaintiffs allege that they suffered economic losses such as property damage and bodily injury.

Plaintiffs allege that they have been experiencing known symptoms of exposure such as headaches, eye irritation, and respiratory difficulties. However, the Complaint does not contain any references to specific injuries allegedly caused by the subject paint. Rather, in support of its

Opposition, Plaintiffs rely on the affidavit of Susan Gringauz [DE-69-1], which merely indicates that odors continue to emanate from the paint and that Plaintiffs cannot change the paint since it will purportedly cause the release of toxic chemicals.  Further, although the Complaint alleges that all Plaintiffs suffered personal injuries, counsel for Plaintiffs conceded that they will not produce any evidence regarding injuries for Mr. and Mrs. Gringauz.  [DE-48-7].  In addition, Plaintiff does not dispute by pointing to any specific facts that Dr. Lisa Sirota ("Sirota") – the Gringauz children's pediatrician and the only medical doctor apparently offered by Plaintiffs for deposition – has provided no testimony regarding medical causation and she further testified that she had no opinions relevant to the case.

According to Plaintiffs, Defendant should have warned them of the dangers and hazardous conditions of the exterior paint and the risks and dangers of using the exterior paint indoors.  Plaintiffs assert three counts in their Complaint: (I) Failure to Warn; (II) Strict Liability; and (III) Violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Defendant filed the instant Motion on May 7, 2010, requesting that summary judgment be entered in its favor on all counts.

## II. DISCUSSION

A.    **Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court should not grant

summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**B.     Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment in its favor on all counts on the ground that Plaintiffs have not, and cannot meet their burden of proof on causation. Defendant argues that in a toxic tort case, such as this one, a plaintiff bears the evidentiary burden of proving both general causation and specific causation, and, to prove general and specific causation, Defendant argues this requires expert testimony. Defendant argues that causation is an essential element for

4

Plaintiff's claims, i.e., that exposure to the exterior paint caused their alleged injuries. Defendant points out that Plaintiffs have identified one expert in this matter, Scott A. O'Connor ("O'Connor"), who is a concrete contractor. Also, Defendant notes that Plaintiffs have provided the children's treating pediatrician, Sirota, for deposition. However, Defendant argues that neither O'Connor or Sirota have opinions on causation nor are they even qualified to offer such opinions and, therefore, without proof of causation Defendant argues that it is entitled to summary judgment as a matter of law on all counts.

Defendant argues that a review of O'Connor's report and deposition testimony demonstrates that he is not qualified to address causation and, in fact, has not formed any opinion on causation. Defendant points out that O'Connor is admittedly not a toxicologist, epidemiologist, an industrial hygienist, a medical doctor, a chemist, or a safety profession. [DE-39-2, pgs. 33-37, 42-43]. Further, Defendant points out that O'Connor admits that he does not intend to offer any opinions in this case with regard to the issues of dose or exposure. [*Id.* at 35, 36]. While Plaintiffs claim they were harmed by breathing in the vapors from the exterior paint, Defendant argues that O'Connor could not identify the chemicals that Plaintiffs were purportedly exposed to because he admittedly did not conduct any air sampling at Plaintiffs' home. [*Id.* at 144, 146]. Moreover, Defendant points out that O'Connor could not state whether Plaintiffs were even exposed to any chemicals from a Sherwin-Williams product. [*Id.* at 146]. As such, Defendant argues that O'Connor's testimony does not meet the requisite "expert" testimony required in a toxic tort case and is not relevant to prove causation and, therefore, Plaintiffs cannot satisfy their burden of proof with respect to causation to overcome summary judgment.

In response, while not entirely clear, Plaintiffs appear to be distinguishing their property damage claims from their personal injury claims. Plaintiffs argue that Defendant has failed to meet its burden of indicating to this Court how causation and expert testimony is required on their property damage claims. However, Plaintiffs have provided no caselaw showing that causation is somehow not a required element for claims involving property damage. Moreover, Plaintiffs do not even attempt to address Defendant's contention that expert testimony is required as to their personal injury claims. In fact, Plaintiffs make no substantive arguments whatsoever demonstrating that they have proof of causation to support their claims, whether for personal injuries or property damage.

Instead, Plaintiffs argue that the Motion should be denied as premature since discovery has not been completed and the discovery period has not closed. However, the Court finds this argument to be without merit. Notably, the discovery period in this case ended on July 9, 2010, based upon the deadlines set in the Court's April 1, 2009 Scheduling Order [DE-9] and just eleven (11) days after Plaintiffs filed their Opposition. Plaintiffs had thirteen (13) months to conduct discovery at the time the instant Motion was filed on May 7, 2010, and as such, the Court finds that the instant Motion is not premature. In addition, Plaintiffs argue that they have been precluded by Defendant from conducting discovery. Yet, the Court finds this argument to also be without merit. If Plaintiffs believed that Defendant delayed in producing relevant discovery, the appropriate remedy was to timely file a motion to compel, not to wait until a motion for summary judgment had been filed and then argue a lack of discovery as the basis for denying the motion. In fact, there is no evidence in the record that Plaintiffs ever filed a motion to compel the discovery that they now contend they are lacking, and it appears that any such

motion would now be untimely.[1]  Moreover, Plaintiffs had fifty-two (52) days to respond to the instant Motion.  Plaintiffs should and could have conducted additional discovery during that period in order to uncover relevant evidence, if any such evidence existed, or sought additional time to oppose the instant Motion.  Plaintiffs failed to do so at their own risk.  The Court declines to reward such dilatory behavior by denying a motion for summary judgment as premature when it appears to the Court that Plaintiffs did not diligently work to obtain discovery.  Thus, the Court concludes that the instant Motion is not premature, rather Plaintiffs had ample time to conduct discovery and controvert the evidence presented by Defendant, yet failed to do so.

Finally, Plaintiffs argue that the instant Motion is a *Daubert* motion which requires the application of a different standard and factors.  While a *Daubert* motion does involve the application of different standards, this is irrelevant to the instant Motion where Defendant has not asked the Court to exclude Plaintiffs' expert.  Instead, Defendant's Motion is focused upon the fact that Plaintiffs have offered no evidence of causation to support their claims.  In order to rule on the instant Motion the Court need not determine whether Plaintiffs' expert should be excluded.  Rather, the issue turns on whether Plaintiffs have offered proof of causation as a necessary element for their claims.  As such, the Court finds this argument to be without merit.

---

[1] S.D. Fla. L.R. 26.1(h)(1) provides that "[a]ll motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion.  Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought."  Plaintiffs indicate that their first discovery requests were served on or around December 23, 2010, and that they received Defendant's responses to their second set of discovery on May 17, 2010. [DE-69, pgs. 7-8].  As such, even assuming *arguendo* Defendant failed to provide sufficient discovery responses, this does not warrant denying the instant Motion when it appears that Plaintiffs likely waived any objections to the discovery by failing to timely file a motion to compel.

In reply to Plaintiffs' Opposition, Defendant argues that without proof of causation an essential element of Plaintiffs' claims is lacking. Defendant argues that each of Plaintiffs' claims require proof that the subject paint was harmful and that it caused Plaintiffs' injuries. In regard to the failure to warn and strict liability claims in counts I and II, Defendant argues that these claims "boil down to three elements that Plaintiff[s] must prove: 1) that the warnings accompanying the item were inadequate; 2) that the inadequacy of the warnings proximately caused Plaintiff[s'] injury; and 3) that Plaintiff[s] in fact suffered an injury by using the product." *Colville v. Pharmacia & Upjohn Co. LLC,* 565 F. Supp. 2d 1314, 1321 (N.D. Fla. 2008). Similarly, to prove a violation of FDUTPA in count III, Defendant argues that consumers, like Plaintiffs, must establish "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006). As such, Defendant argues that Plaintiffs cannot prove their claims without evidence of causation.

Finally, Defendant reiterates that expert testimony is required to establish causation in this case. *McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1237 (11th Cur. 2005) (finding that in a toxic tort case plaintiffs must prove the toxicity of the product and that the product had a toxic effect on them causing the injuries that they suffered, and further holding that this type of proof requires expert testimony). Defendant points out that Plaintiffs only expert, O'Connor, admitted in his deposition that he cannot provide this essential element of causation. Defendant also argues that Plaintiffs' pediatrician, Sirota, refused to opine on causation. Therefore, Defendant argues that Plaintiffs have no expert testimony to establish causation. Defendant argues that to recover any damages, whether personal injuries or property damage, Plaintiffs must prove that they were injured/damaged by the subject paint. As such, since there is no dispute that

8

Plaintiffs cannot establish that they suffered any harm as a result of Defendant's paint, whether personal injuries or property damage, Defendant argues that Plaintiffs' claims fail for lack of the essential element of causation.

The Court agrees and concludes that there is no dispute that Plaintiffs have presented no evidence of causation to survive a motion for summary judgment and, therefore, summary judgment is warranted in favor of Defendant on all counts. At the outset, the Court notes that Plaintiffs have failed to meet their burden in opposing a motion for summary judgment to demonstrate a disputed issue of material fact. According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Likewise, S.D. Fla. L.R. 7.5(c) provides that the "statement of material facts submitted either in support of or in opposition to a motion for summary judgment shall . . . [b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court . . ." Further, S.D. Fla. L.R. 7.5(d) provides that "[a]ll material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."

In their Opposition, Plaintiffs merely indicate in their statement of disputed material facts, that Defendant's material facts are "disputed" without specific references to facts or evidence on file with the Court and without specifically addressing the facts posed by Defendant. Instead,

Plaintiffs continue to rely upon unsupported conclusory allegations to support their claims.[2]  The Eleventh Circuit has made clear that, where as here, the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is "not only proper, but required."  *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).  Discovery in this action is closed.  Plaintiffs had thirteen months to conduct discovery and fifty-two days to respond to the instant Motion, yet apparently made no attempt to gather the evidence necessary to controvert the facts identified by Defendant or obtain appropriate expert testimony.  It is not enough to survive summary judgment for Plaintiffs to make the conclusory contention that facts are "disputed" without any supporting evidence, when Defendant has made specific references to evidence to support its arguments.

For instance, in paragraph five (5) of Defendant's statement of material facts, Defendant indicates that the Complaint contains no references to specific injuries allegedly caused by the subject paint, that there is no evidence in the record that any of the Plaintiffs were injured as a

---

[2] The Court notes that Plaintiffs subsequently filed Notices of Filing on July 20, 2010, and attached the deposition transcripts of Richard Lindo [DE-74-1] and O'Connor [DE-75-1] in support of their Opposition.  Defendant previously filed excerpts of O'Connor's deposition [DE-39-2] and in its Motion pointed the Court to specific pages from O'Connor's deposition testimony which the Court relied upon in ruling on the instant Motion.  However, Plaintiffs make no showing of how the deposition transcripts are relevant to their Opposition.  Indeed, in their Opposition, Plaintiffs do not even mention Richard Lindo and merely include one general reference to O'Connor's deposition transcript without identifying any specific pages.  [DE-69, pg. 3].  "Where a party fails to comply with Rule 56(e) or to file a proper statement of material facts in dispute pursuant to a local rule, the circuits are in agreement that the district court is under no obligation to sift through the record, which often contains voluminous deposition transcripts, interrogatory responses, and document productions, in order to evaluate the merits of that party's case."  *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 154 (D.C. Cir. 1996).  Having failed to identify how these transcripts are relevant to Plaintiffs' Opposition, the Court declines to sift through these documents in order to attempt to identify the arguably relevant portions when Plaintiffs themselves have made no effort to do so.

result of the paint, and that Plaintiffs withdrew the claims of injuries regarding Mr. and Mrs. Gringauz. In Opposition, Plaintiffs merely state that these facts are "disputed" and generally point to the Affidavit of Susan Gringauz [DE-69-1] without any specific references. Importantly, the Affidavit of Susan Gringauz contains no facts that are responsive to those identified in paragraph five (5) of Defendant's statement of material facts. Instead of directing the Court to specific facts that would demonstrate the purported injuries suffered by Plaintiffs, the Affidavit merely indicates that odors and fumes are emanating from the paint and that Plaintiffs somehow cannot change the paint since this will cause the release of toxic chemicals.[3] Incredibly, there is not even one mention of any injuries purportedly suffered by Plaintiffs in the Affidavit. As such, Plaintiffs' response is non-responsive to the facts identified in paragraph five (5) and does not demonstrate that these facts are in dispute or controverted. Therefore, paragraph five (5) of Defendant's statement of material facts is deemed admitted by the Court.

Similarly, in paragraphs eight (8) through fourteen (14) of Defendant's statement of material facts, Defendant offers evidence regarding Plaintiffs disclosure (or non-disclosure) of their experts and the fact that Plaintiffs have never identified any medical or causation witnesses who will opine that Plaintiffs suffered any harm. Again, instead of identifying for the Court their

---

[3] Federal Rule of Civil Procedure 56(e)(1) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Here, there is no indication in the record that Susan Gringauz is competent to testify or has personal knowledge as to the "release of toxic chemicals" that will purportedly result from changing the colors/trim in her residence. Such testimony appears to relate to specialized knowledge that requires an expert, yet, Plaintiffs' own expert, O'Connor, could not even opine as to dose or exposure or what vapors Plaintiffs were purportedly exposed to. [DE-39-2, pgs. 35, 66, 144-146]. As such, the Court does not find Susan Gringauz's unsupported statements in her Affidavit relating to toxicity to be persuasive or admissible evidence on the issues of damages and causation.

purported experts, or identifying how their purported experts have or will opine on the issue of causation, Plaintiffs simply contend that the facts are "disputed" and that Defendant has in its possession all the necessary reports, files and documents from both experts, or Plaintiffs simply argue that the facts stated by Defendant are somehow legal conclusions. Again, this is non-responsive and fails to provide the Court with specific references to any facts that show that an actual dispute exists. While it may be true that Defendant has certain documents in its possession, importantly, Plaintiffs have not provided the Court with any documents or evidence that demonstrate that Defendant's facts as stated are in dispute. As such, the Court likewise deems the facts identified in paragraphs eight (8) through fourteen (14) of Defendant's statement of material facts to be admitted, since Plaintiffs have failed to controvert these facts or demonstrate that these facts are actually in dispute.

Having deemed these facts to be admitted, this alone is enough to warrant granting Defendant's Motion since there are no material facts in dispute as to causation. However, the Court has nonetheless considered the substantive arguments and the facts identified by Defendant and finds that summary judgment is warranted in favor of Defendant on all counts as a matter of law. As pointed out by Defendant, causation is an essential element to each of Plaintiffs' claims and, therefore, is a material issue for summary judgment purposes. *Evans v. Matrixx Initiatives, Inc.,* Case No. 3:07-cv-357-J-34JRK, 2009 WL 2914252, at *11 (M.D. Fla. Feb. 18, 2009) (noting in a negligence and strict liability action that causation was an essential element to the claims and "therefore, a material issue for summary judgment purposes"); *see also Colville,* 565 F. Supp. 2d at 1321 (noting that the second element for strict liability and failure to warn claims is whether the "inadequacy of the warnings proximately caused Plaintiff's injury"); *Rollins,* 951

So. 2d at 869 (noting second element to prove a violation of FDUTPA is causation).  Further, the Court agrees with Defendant that expert testimony is required in toxic tort cases, such as here, where the injury is not readily observable.  *Evans,* 2009 WL 2914252, at *11.

Plaintiffs allege that they have suffered injuries in the form of bodily injury, medical infirmities and property damage from the "defective, dangerous and hazardous exterior paint" being applied to the interior of their home.  Nonetheless, Plaintiffs now concede that they will not be offering evidence related to the purported injuries of Mr. and Mrs. Gringauz.  [DE-48-7]. In fact, in their Opposition, by failing to address any of Defendant's substantive arguments, Plaintiffs appear to concede that they have no support for any of their personal injury claims, but rather simply argue that an expert is not needed on their property damages claims.  However, causation is a necessary element for Plaintiffs' claims whether Plaintiffs are seeking personal injuries or property damage, as Plaintiffs must establish that the purported damages were caused by Defendant's allegedly defective and dangerous paint.

The undisputed material facts offered by Defendant demonstrate that Plaintiffs have offered no evidence whatsoever as to causation.  That is, Plaintiffs have offered no evidence that Defendant's paint somehow caused personal injuries or property damage.  On October 5, 2009, Plaintiffs identified O'Connor as their expert.  [DE-3].  In O'Connor's deposition, he admits that he is not an expert on medical causation, is not a toxicologist, epidemiologist, industrial hygienist, or safety professional, and that he does not intend to offer opinions as to dose or exposure.  [DE-39-2, pgs. 33-35, 43].  Moreover, O'Connor admits that he conducted no testing, can provide no testimony as to what vapors or chemicals Plaintiffs were exposed to, admits he has no information that Plaintiffs were even exposed to vapors or mist from Defendant's

products, and admits he has done no air monitoring. [*Id.* at 66, 144, 146]. Without any air testing, Plaintiffs have no evidence that Defendant's paint caused any damages, much less that the paint was or is somehow defective or dangerous to Plaintiffs. Instead, O'Connor's deposition testimony makes clear that Plaintiffs' only identified expert has not and cannot offer an opinion on causation as to Plaintiffs' purported injuries or property damage in order to support their claims.

Further, while it is not entirely clear to the Court whether Plaintiffs are trying to present Sirota as an expert on causation as to the children's personal injuries, importantly, Plaintiffs have presented no evidence to dispute the fact that at her deposition Sirota did not give testimony regarding medical causation and indicated that she had no opinions relevant to this case. Incredibly, in their Opposition, Plaintiffs do not even attempt to argue that O'Connor or Sirota will somehow testify as to causation or testify regarding the purported injuries suffered by Plaintiffs. And, most importantly, Plaintiffs have pointed the Court to no evidence whatsoever that would indicate that Defendant's paint somehow caused Plaintiffs' injuries or property damage, much less any clear evidence that Plaintiffs even suffered any damages.

As such, having failed to offer an expert on causation or any evidence whatsoever that Defendant's product could have potentially caused Plaintiffs' injuries, Plaintiffs have failed to offer evidence of the essential element of causation or demonstrate that there is a genuine issue of material fact for trial on the issue of causation. Therefore, the Court finds that summary judgment is warranted in favor of Defendant on all counts. *See Evans,* 2009 WL 2914252 at *11 (granting summary judgment on the plaintiffs' claims where there was no evidence offered by the

plaintiffs that the defendant's product could have potentially caused the injuries and the defendant showed there was no genuine issue of material fact for trial on the issue of causation).

### III. CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant The Sherwin-Williams Company's Motion for Summary Judgment [DE-47] is hereby **GRANTED**;

2. The Court shall separately enter a final summary judgment in favor of Defendant as to all counts;

3. The Clerk shall **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 23rd day of July, 2010.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record